SHEPARD, Chief Justice,
concurring.
The Attorney General has ably argued that Smith, as an employee of an independent contractor who supplied bus services to the school corporation, had the same duties and responsibilities as drivers who were in the direct employ of the corporation. It is a point of some weight.
Still, in the modern American school, students may have contact with a good many adults who might well seem like “employees” to the kids but are not neces-
sarily employed by the corporation: cafeteria workers, groundskeepers and maintenance personnel, the fellow who repairs the copying machine, and so on. If we push the words used by the statute, “employed by a school corporation,” so as to say that they include people who are not on the payroll, we will end up having to decide which of these individuals are enough like regular employees to be covered by the criminal code and which are not. Distasteful as it may be given the facts of the present case, I think the Court does the right thing to use the regular, garden-variety definition of “employed,” with the understanding that the General Assembly has the power to broaden the class of persons covered by the statute should it choose to do so.
BOEHM, J., joins.